*law Revision*

FILED
SUPERIOR COURT
2012 NOV 26 PM 4: 40
CLERK OF COURT
BY _____

# IN THE SUPERIOR COURT OF GUAM

JANICE T. AGUON,

      Plaintiff,

vs.

VICENTE F. DUENAS,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO. DM0239-07

**DECISION AND ORDER**

On November 9, 2012, this matter came before the HONORABLE VERNON P. PEREZ on Defendant's Motion for Reconsideration. Attorney Daniel S. Somerfleck represented Defendant. Attorney Jacqueline T. Terlaje represented Plaintiff. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On March 28, 2011, Defendant filed a Notice of Motion to Modify Custody and Memorandum of Points and Authorities. Plaintiff filed an Opposition to Motion to Modify Custody on May 4, 2011. The Court ruled on the motion September 4, 2012. Defendant then filed a Motion for Reconsideration on September 21, 2012 and Plaintiff opposed on October 8, 2012.

## DISCUSSION

### I.    Standard of Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted). In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist.

This Court will not decide on the merits of the case once again. Guam Rule of Civil Procedure 60 states in relevant part:

> "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...(6) any other reason justifying relief from the operation of the judgment." GRCP 60.

In the original motion, Defendant moved to modify the original custody arrangement so that he has primary physical custody of Madison and increased time with the minor child. The Court denied Defendant's Motion and now Defendant seeks reconsideration under GRCP Rule 60.[1]

## II.  Grounds for Reconsideration

Defendant argues two grounds for reconsideration. The first ground for reconsideration is Court error and the second is newly discovered evidence. As to the first ground, the Court concludes that it did not err. Defendant claims that he did not request for primary physical custody in his original motion. Defendant argues that because he did not request a change in the custody arrangement, the Court should only have considered visitation. Yet, in the Conclusion paragraph of Defendant's Motion to Modify Custody, Defendant clearly requests primary physical custody of the Parties' minor child and that is a change in custody. As a result, the Court made no error in its decision. As to this ground for reconsideration, Defendant fails.

Defendant's second ground for reconsideration is much stronger. Defendant claims that newly discovered evidence warrants reconsideration. Defendant claims that there are outstanding allegations that Plaintiff's current spouse molested the minor child at issue in this case. Defendant argues that the molestation occurred after the Court's decision was issued and is newly discovered information that warrants reconsideration. Depending on the factual support behind the allegations, the Court may want to revisit the custody arrangement to reflect

---

[1] As Defendant's Motion for Reconsideration is under GRCP Rule 60, and considering the timeline rules under GRCP Rule 60, the Motion is deemed one for reconsideration.

on the child's best interest.[2] Plaintiff opposes reconsideration by arguing that Defendant is only trying to have the Court readdress an issue it already decided on. Plaintiff argues that any issues regarding the criminal matter are being dealt with by the Superior Court in a criminal case and the best interests of the children have not changed. The Court acknowledges that criminal allegations are not fact and that the minor child may have recanted. Yet, the Court believes that added evidence on these issues would allow the best interest of the child to be determined. As that issue directly influences Defendant's Motion to Modify, the Court finds that reconsideration is proper due to the discovery of new evidence affecting the best interest of the child.

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant's Motion for Reconsideration. The Parties will return January 18, 2013 at 10:00a.m. to re-argue Defendant's Motion to Modify Custody.

So ORDERED this _____ day of November, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

NOV 2012

---

[2] The Court must address the best interest of any child where a party places the child in dangerous environments, even if the exposure to danger is unintentional and the basis for the allegations is unsubstantiated.